IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **KRISTI APPLEWHITE,** *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-00985-P-BP |
| | § | |
| **TROY LAWRENCE,** *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Plaintiff Kristi Applewhite's Notice of Nonsuit Without Prejudice ("Notice of Nonsuit") and the attached explanation in support. ECF Nos. 12-1, 12-3, respectively. By Order dated September 7, 2021, the undersigned directed Applewhite to address deficiencies in her pleadings. ECF No. 7. Applewhite complied by filing various items, including the Notice of Nonsuit. ECF No. 12-1. After considering the Notice of Nonsuit, pleadings, and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Mark T. Pittman **DISMISS without prejudice** all claims of Plaintiffs Dylan Parker Applewhite and ACA.

The September 7 Order cautioned Ms. Applewhite about asserting claims on others' behalf, namely the listed co-plaintiffs Dylan Parker Applewhite and ACA, who appeared to be her children. *See* ECF No. 7; *Sprague v. Dep't of Fam. & Protective Servs.*, 547 F. App'x 507, 507–08 (5th Cir. 2013) (per curiam) ("[B]ecause [Plaintiff] is proceeding *pro se*, she may not assert claims on behalf of her minor child."). She since filed an amended complaint removing Dylan and ACA from this action (ECF No. 9), and she now "ask[s] this court to grant a non-suit without prejudice" for them. ECF No. 12-3.

Ms. Applewhite drafted her Notice of Nonsuit on a Texas state court form. *See* ECF No. 12-1. Federal courts treat nonsuit notices as notices of voluntary dismissal under Federal Rule of Civil Procedure 41(a). *See Drake v. Safeway, Inc.*, No. 3:18-cv-03120-S-BT, 2019 WL 1959880, at *2 (N.D. Tex. Apr. 3, 2019), *rec. adopted*, 2019 WL 1958395 (N.D. Tex. May 2, 2019) ("[C]ourts typically treat a motion for nonsuit as a notice of voluntary dismissal and analyze it pursuant to Rule 41(a)."). Under Rule 41(a), a plaintiff may voluntarily dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). Here, Defendants have not served or filed either.

Problematic is that Rule 41(a) contemplates dismissing an entire "action" and not just individual claims comprising the action. *See* Fed. R. Civ. P. 41(a); *Bailey v. Shell W. E&P, Inc.*, 609 F.3d 710, 720 (5th Cir. 2010) (citing *Exxon Corp. v. Md. Cas. Co.*, 599 F.2d 659, 662 (5th Cir. 1979) ("Rule 41(a) dismissal only applies to the dismissal of an entire action—not particular claims."). Ms. Applewhite seeks "only to dismiss any claims asserted on behalf of . . . Dylan Parker Applewhite and ACA." ECF No. 12-3. Generally, the proper procedure would be to amend the pleadings, which she has done. *See Centurytel of Chatham, LLC v. Sprint Commc'ns Co.*, No. 09-1951, 2014 WL 1788133, at *4 (W.D. La. May 5, 2014). If Ms. Applewhite still seeks Court action on her Notice of Nonsuit, then the Court may exercise discretion in dismissing without prejudice the claims she asserts as a *pro se* parent on behalf of her minor children. *See Sprague*, 547 F. App'x at 508.

If Dylan and ACA are not minor children and thus have capacity to sue, then this Court also has authority under Rule 41(b) to *sua sponte* dismiss their claims for failure to prosecute or to comply with a court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) (citing Fed. R.

Civ. P. 41(b) and *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). The September 7 Order addressed Dylan and ACA, informing them that if they wished to pursue any claims in this case and had the requisite capacity to do so, then each of them over 18 years of age were to take three actions. ECF No. 7 at 3. Dylan and ACA did not take those steps, and so their claims should be dismissed accordingly. Because it is unclear whether Dylan or ACA ever consented to being plaintiffs in this matter (*see id.* at 2–3), their dismissals should be without prejudice. *See Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996) (noting that dismissing with prejudice is only proper "if the failure to comply with the court order was the result of purposeful delay or contumaciousness").

For these reasons, the undersigned **RECOMMENDS** that Judge Pittman enter an order **DISMISSING without prejudice** all claims of Plaintiffs Dylan Parker Applewhite and ACA, whether asserted directly or on their behalf.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual

findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on September 23, 2021.

                                                                          _/s/ Hal R. Ray, Jr._
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE