## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| KRISTI RUTH APPLEWHITE,<br>    Plaintiff, | §<br>§<br>§ | |
| VS. | §<br>§ | CIVIL NO. 4:21-CV-985-P-BJ |
| BARRY SAWYER, et al.,<br>    Defendants. | §<br>§<br>§ | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING DEFENDANTS BETH POULOS, JEROME HENNIGAN, CASEY CONINE, TROY LAWRENCE, VINCENT RUMSEY, BARRY SAWYER, AND LANDON ROLLINS' MOTIONS TO DISMISS

Pending before the Court are Defendants Beth Poulos ("Judge Poulos"), Jerome Hennigan ("Judge Hennigan"), Casey Conine ("Judge Conine"), Fort Worth Police Department ("FWPD") Sergeant Troy Lawrence ("Sgt. Lawrence"), and FWPD Sergeant Vincent Rumsey ("Sgt. Rumsey"), FWPD officer Barry Sawyer ("Officer Sawyer"), and FWPD officer Landon Rollins ("Officer Rollins") (collectively, "Defendants")'s motions to dismiss.[1] The Court, having carefully considered the motions, responses, replies, supplemental briefing, and all relevant applicable law, recommends that the Defendants' motions be **GRANTED** and that all claims against them be **DISMISSED**.

---

[1] Judge Poulos filed her Rule 12(b) Motion to Dismiss and Brief in Support [doc. 36] on March 1, 2022. Judge Hennigan filed his Motion to Dismiss and Brief in Support [docs. 40-1] on March 10, 2022. Judge Conine filed his Motion to Dismiss and Brief in Support [docs. 42-3] on March 18, 2022. Sgt. Lawrence filed his Motion to Dismiss for Failure to State a Claim [doc. 66] on April 22, 2022, and Sgt. Rumsey filed his Motion to Dismiss for Failure to State a Claim [doc. 69] on April 25, 2022. Officers Sawyer and Rollins filed their respective Motions to Dismiss for Failure to State a Claim [docs. 92, 95] on July 20, 2022, and July 25, 2022.

## I.    BACKGROUND

Plaintiff Kristi Ruth Applewhite ("Applewhite") is discontented with the rulings in a family law matter and alleges various individuals wronged her throughout the family court proceedings. (Plaintiff's Second Amended Complaint ("Pl.'s Sec. Am. Compl.") at 1.)  On August 19, 2021, Applewhite, *pro se*, filed the above-styled and numbered cause of action under 42 U.S.C. § 1983, alleging, *inter alia*, violations of her civil rights.[2]  The case was initially referred to United States Magistrate Judge Hal R. Ray [doc. 3].  Applewhite filed her Motion for Leave to Proceed *in forma pauperis* [doc. 5] on August 26, 2021.[3]  On September 1, 2022, Applewhite filed her First Amended Complaint with Jury Demand [doc. 6].  On September 7, 2022, Judge Ray issued an Order [doc. 7] instructing Applewhite to file another amended complaint that sets forth only her claims and instructing her to file a proper application to proceed *in forma pauperis*.  On September 18, 2022, Applewhite filed her Second Amended Complaint with Jury Demand [doc. 9], the live pleading before the Court.  On January 4, 2022, the undersigned was assigned to the case.

---

[2] Applewhite's Complaint and First Amended Complaint also listed her two minor sons as Plaintiffs and also named as Defendants the following: Richard Applewhite, City of Fort Worth, Tarrant County, Tarrant County Family Law Center, Serena Davis, Jennifer Hunter, Lyndsay Newell, Mark Cochran, Amy Candler, Carol Mapp, Constance Mims, Dennis Saumier, Ronald Applewhite, Senior, Cindy Ince, Jessica Janicek, Robert S. Widner, Fort Worth Police Department, Jennifer Olsen, Joshua Chick, Anila Khan, Sharen Wilson, Deborah Logsdon, Donna Tribunella, Brandi Applewhite, State of Texas, Wendy Hackler, William Patterson, Texas Department of Family & Protective Services, Tom Wilder, Bernie McHorse, Tyler Glapa, Gabrielle Schmidt, Greg Willis, FNU Nelson, Gina Galloway, Mind Above Matter, Mesa Springs Hospital, Kishore Sunkara, Talat Tayyaba, Barry Sawyer, Erin Rosko, Landon Rollins, Dennis Ozment, William C. Easttom, Chuck Eastom, Beth Poulos, Jerome Hennigan, Casey Conine, Troy Lawrence and Vincent Rumsey.

In the live pleading before the Court—Plaintiff's Second Amended Complaint—Applewhite is the sole remaining Plaintiff and the remaining Defendants are Erin Rosko, Landon Rollins, Dennis Ozment, William C. Eastom, Chuck Eastom, Judge Poulos, Judge Hennigan, Judge Conine, Sgt. Lawrence and Sgt. Rumsey.

[3] Applewhite filed her Amended Motion to Leave to Proceed *in forma pauperis* [doc. 8] on September 18, 2021.  Judge Ray subsequently granted Applewhite permission to proceed *in forma pauperis* on October 12, 2021.

2

In her Second Amended Complaint, Applewhite argues, *inter alia*, that Judges Poulos, Hennigan, and Conine (collectively, "Judges"), in their individual capacities, violated her rights while presiding over Applewhite's family law court proceedings.[4]    Applewhite requests various injunctive relief against Judges Poulos, Hennigan, and Conine.[5]    Applewhite also alleges § 1983 violations against her by Sgts. Lawrence and Rumsey and Officers Sawyer and Rollins, though she fails to request specific relief from the sergeants or officers.[6]

The facts before the Court, as provided by Applewhite, are, at best, unclear.    Applewhite asserts Judges Poulos, Hennigan, and Conine, "the 324th Court, Title IV-D Court, [and members of] FWPD" violated her civil rights as follows:

---

[4] The facts surrounding Applewhite's family law court proceedings are jumbled.    In her Second Amended Complaint, Applewhite claims she was a "successful pharmaceutical rep[resentative]" and "primary parent of [her] 2 sons for 7 years [from] 2007-2014." (Pl.'s Compl. at 4.)    In 2014, Applewhite states her former spouse "initiated a plan to rip custody from [her and] silence [her]." (*Id.*)    A custody battle ensued in Tarrant County's family law court and, somewhere along the way, the Judges "conspire[d]" against her and FWPD sergeants worked to "retaliate[e]" against her, all with the shared purpose of depriving her of "due process." (*Id.*)

[5] Requesting injunctive relief against Judge Poulos, Applewhite merely states that Poulos "[s]hould be denied Sovereieign[sic] Immunity." (Pl.'s Sec. Am. Compl. at 4 (emphasis omitted).)    Regarding Judge Hennigan, Applewhite states, "Injunctive relief requested. (Should be denied Sovereign immunity)." (*Id.* (emphasis omitted))    With respect to Judge Conine, Applewhite pleads, "Injunctive relief requested.    Court Transcripts demanded before destruction October 4, 2021.    (Should be denied Sovereign Immunity)." (*Id.* at 5 (emphasis omitted).)    Later in her Second Amended Complaint, Applewhite states, "I demand all evidence used against me by the courts/FWPD to be given to the Plaintiff and shown in open court during testimony." (*Id.* at 7.)

[6] Applewhite requests various relief against "FWPD," including "maximum punitive damages at descretion[sic] of jury/judge," though, as stated above, she fails to plead any specific relief from Sgts. Lawrence and Rumsey or Officers Sawyer or Rollins. (Pl.'s Sec. Am. Compl. at 5.)    Against FWPD, Applewhite requests the following relief:

> I demand all evidence used against me by the courts/ FWPD to be given to the Plaintiff and shown in open court during testimony.

> FWPD should be ordered to hand over the forensics they stole from the Plaintiff to cover their corruption

> I ask for FWPD to properly remove my name and all false documents from their SJIS or other systems.    Plaintiff asks the Court for any relief the court decides, such injunctions for future retaliation or malicious prosecution.

(Pl.'s Sec. Am. Compl. at 7.)

3

[The Defendants] worked in concert and conspired to deprive Plaintiff's property, slander Plaintiff's reputation, blacklisted Plaintiff from employment, and interfere[d] with custody of son, AC. The Defendants have deprived Plaintiff's ability to live like other American Citizens. My inalienable Constitutional Rights are still recognized. Plaintiff currently has been retaliated against as if she were a 'whistleblower.' Plaintiff is denied all access to the listed courts to seek remedy in judgments made against her[.] Plaintiff was not allowed to fully participate in proceedings that resulted in these judgments. Plaintiff is denied court transcripts, yet these courts demand she face loss of liberty, deprive Plaintiff of property as late as June 2021, while interfering with the Constitutional Right to Parent her sons . . . Many listed defendants participated in the violation of the Computer Fraud and Abuse Act of 1984. Plaintiff alleges that the Defendants acted under Color of Law and violated Plaintiff's rights under Amendments I, IV, V, XIV derived from the Constitution of the United States. Illegal surveillance.

(Pl.'s Sec. Am. Compl. at 1.)

In their respective motions to dismiss, the Judges set forth several bases for prevailing on Applewhite's claims, including, *inter alia*,[7] threshold arguments that Applewhite lacks standing to bring her claims against the Judges, that Applewhite's claims against the Judges are barred by §1983's statute of limitations, and that Applewhite is unable to seek injunctive relief against them. (*See* Defendant Poulos' Motion to Dismiss and Brief in Support ("Def. Poulos' Br.") at 1; Defendant Hennigan's Motion to Dismiss ("Def. Hennigan's Mot.") at 3-10; Defendant Conine's Motion to Dismiss ("Def. Conine's Mot.") at 3-10.)

Similarly, in their respective motions to dismiss, FWPD Sgts. Lawrence and Rumsey, and Officers Sawyer and Rollins also argue, *inter alia*,[8] that Applewhite's claims against them should

---

[7] The Judges also argue all claims against them should be dismissed pursuant to the *Rooker/Feldman* and *Younger* abstention doctrines and pursuant to judicial and qualified immunity. *Id.*

[8] Sgt. Lawrence also asserts that, "as a public official, performing discretionary duties [] within the course and scope of his employment," he is entitled to qualified immunity and that Applewhite's pleadings are "conclusory" and should be dismissed. (Def. Lawrence's Mot. at 8, 11 (emphasis omitted).) Likewise, Sgt. Rumsey also asserts qualified immunity and, additionally, states that "whatever claim Plaintiff may be trying to assert against Rumsey, she cannot demonstrate that his conduct violated any clearly established law." (Def. Rumsey's Mot. at 9 (emphasis omitted).) In his motion, Officer Sawyer similarly states he is "entitled to qualified immunity," and that Applewhite's claims against him should be dismissed because they are merely "conclusory." (Def. Sawyer's Mot. to Dismiss at 6,9

4

be dismissed because her claims lack standing and that any claims are barred under § 1983's statute of limitations. *See* (Defendant Lawrence's Motion to Dismiss ("Def. Lawrence's Mot.") at 7-12; Defendant Rumsey's Motion to Dismiss ("Def. Rumsey's Mot.") at 3-9; Defendant Sawyer's Motion to Dismiss ("Def. Sawyer's Mot. to Dismiss") at 5-10; Defendant Rollins' Motion to Dismiss ("Def. Rollins' Mot. to Dismiss") at 6-9.)

## II.    LEGAL STANDARD

Rule 12(b)(6) authorizes the dismissal of a complaint that fails "to state a claim upon which relief can be granted." This rule must be interpreted in conjunction with Rule 8(a), which sets forth the requirements for pleading a claim for relief in federal court. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Rule 8(a) calls for "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(A)(2); *see also Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 513 (2002) (holding that Rule 8(a)'s simplified pleading standard applies to most civil actions). The Court must accept as true all well-pleaded, non-conclusory allegations in the complaint and liberally construe the complaint in favor of the plaintiff. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir. 1982).

The plaintiff must, however, plead specific facts, not mere conclusory allegations, to avoid dismissal. *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir. 1992). Indeed, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."

---

(emphasis omitted).) Lastly, Officer Rollins states that, because "Plaintiff cannot 'identify a case where an officer acting under similar circumstances . . . was held to have violated' any federal right of hers," his actions are protected by qualified immunity. (Def. Rollins' Mot. to Dismiss at 5-6.)

*Id.* at 555 (citations omitted). The Court need not credit bare conclusory allegations or "a formulaic recitation of the elements of a cause of action." *Id.* Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Generally, a court ruling on a motion to dismiss may rely on only the complaint and its proper attachments. A court is permitted, however, to rely on documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Court may consider a "written document that is attached to a complaint as an exhibit" as well as "documents attached to a motion to dismiss that are referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Tex. Health and Hum. Servs. Comm. v. U.S.*, 193 F. Supp. 3d 733, 738 (N.D. Tex. 2016) (citations are internal quotation marks omitted).

### III.    DISCUSSION

#### A. <u>Standing</u>

The first threshold issue before the Court is whether Applewhite has standing to bring her claims against the Judges, Sgts. Lawrence and Rumsey, and Officers Sawyer and Rollins. A federal court *must* have standing before it can exercise subject matter jurisdiction. *Arbraugh v. Altimus*, 26 F. 4th 298, 303 (5th Cir. 2002) (emphasis added). In ruling on motions to dismiss, the court is free to weigh evidence and satisfy itself that subject matter jurisdiction exists. FED. R. CIV. P. 12(B)(1). There are two types of standing: Constitutional Article III standing and prudential

standing.[9]  To satisfy Article III standing, a plaintiff must show (1) injury in fact; (2) causation; and (3) redressability.  U.S. Const. art. 3, § 2, cl. 1; *Bennett v. Spear*, 520 U.S. 154, 167 (1997).

Specific to the first prong—injury in fact—a plaintiff must "implicate 'an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical.'" *Gabriel v. Outlaw*, No. 3:20-CV-60-K-BK, 2002 WL 617628, at *1 (N.D. Tex. Feb. 14, 2022), quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotations and citations omitted).  Next, the causation prong requires the injury to be "fairly traceable to the defendant's allegedly unlawful conduct." *Nat'l Park Hosp. Ass'n v. Dept. of Interior*, 538 U.S. 803 (2003) quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984).  Lastly, "redressability requires that it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Consumer Data Indus. Ass'n v. Texas through Paxton* (564 F.Supp.3d 506, 512 (W.D. Tex. Sept. 28, 2021) citing *Lujan*, 504 U.S. at 561.  Notably, "the party invoking federal subject matter jurisdiction bears the burden of establishing each element [of the standing requirement]." *Id.,* quoting *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001).  "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming*, 281 F.3d at 161, quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).

---

[9] Prudential standing, encompassing the general prohibition on a litigant's raising another person's legal rights, is not at issue in this case and thus, will not be discussed. *See Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 2309 (2004).

**1. Judges Poulos, Hennigan, and Conine**

As stated, *supra*, Applewhite is unhappy with the process and subsequent rulings in her family law case. Regarding injury allegedly caused by Judge Poulos, Applewhite states the following:

> Defendant [Judge Poulos] had a clear conflict with [the] opposing attorney []
> in our case. He was her former supervising attorney. Defendant made no attempt
> to be fair and impartial. It can be easily shown just by viewing the court docket
> and all filed documents on this case. Defendant was not concerned of her abuse of
> authority, in violation of her Judicial Oath, or any actions in this case. Defendant
> acted in full Conspiracy and under Color of Law to hold secret chambers meeting
> ex parte. These chambers meeting [were with a] Parent Facilitator [], who was
> recused, [a] CPS worker [], who had no interest in the parties, and the FWPD
> testimony of Plaintiff's alleged mental health took place outside any courtroom.
> This Defendant threatened Plaintiff via her attorney [] that Defendant was the loser,
> regardless of no evidentiary hearing and no ability to participate in live court. This
> action violated Plaintiff's 14th Amendment Right to parent her sons, and was not
> at all equal protection of the law. This Defendant knew there was no CPS
> investigation, yet the court needed documentation to justify switching the custody
> . . . the courts had to ensure Plaintiff lost the case to conform with the pre-rigged
> outcome regarding federal funding that had been set in advance.

(Pl.'s Sec. Am. Compl. at 4.)

With respect to injury allegedly caused by Judge Hennigan, Applewhite states the following:

> Defendant [Judge Hennigan] has trespassed against the law, allowing
> attorneys to miss all pre-trial deadlines, including discovery. Defendant allowed
> opposing counsel [to] reschedule a trial April 3, 2017 . . . This Defendant forced
> Plaintiff out of court during her own trial on June 5, 2017. Defendant made Plaintiff
> walk to Chase Bank on Weatherford Street, Fort Worth, to get bank records that
> were already in the court. In the Absence of Plaintiff, [Plaintiff's former spouse]
> put false testimony on record. Evidence against the Plaintiff was also put on record,
> that was false. This Defendant is behind telling his[sic] court reporter, Jennifer
> Hunter to deny me the evidence they placed on record as I was expelled from my
> own trial, and she is NOT allowed to provide Plaintiff a court transcript of this
> massive Conspiracy and acts of treason against the Constitution. Regardless, this
> Defendant ensures that the order he wrote against Plaintiff is enforced, while
> denying any remedy or court access.

(Pl.'s Sec. Am. Compl. at 4.)

Lastly, with respect to Judge Conine, Applewhite alleged that he caused her the following

injury:

> Defendant [Judge Conine] attempted to maliciously imprison Plaintiff for 6
> months, while denying equal protection under the law, required for quasi-criminal
> hearings. He found Plaintiff in contempt of court for "refusing to find a job[. . . .]"
> The Defendant allowed Plaintiff's attorney to clearly railroad his own client . . .
> The Judge did not write the required "purge order" due on June 8, 2018. He did
> not send this purge order to the Plaintiff and there is no record of his "judgment"
> on file June 8, 2018, no service proof to Plaintiff. Regardless, the Judge went forth
> with 5 subsequent hearings to attempt to imprison the Plaintiff. This judge did not
> allow Plaintiff testimony to defend herself . . . Regardless of [Plaintiff firing her
> attorney], he allowed [the attorney] to come to court [on] 10-5-2018. The fired
> attorney then represented Plaintiff against her will. Modifications have been put
> on record to ask for relief of child support amount as Plaintiff sought motion to
> vacate. All have been denied . . . Th[e] Court also issued a Writ of Garnishment,
> despite no court order is officially on record per County Clerk Tom Wilder on the
> required date of 6-8-18. Defendant does not allow any motion to remedy the case
> be filed. This court has also demanded that Court Reporter [] not give Plaintiff the
> court transcripts Plaintiff has requested in writing multiple times.

(Pl.'s Sec. Am. Compl. at 5.)

Collectively, Applewhite claims the Judges caused her the following injury:

> All judge Defendants want to harm the Plaintiff with these void orders and
> deny every route of justice. They also enable [Plaintiff's former spouse] to interfere
> with custody of ACA, and have for 2.5 years. They took away other son, [D.A.]
> for no reason, for 5 years. I missed his entire high school experience . . . These
> judges enforce judgments made outside a court, or denying justice in court, while
> refusing to enforce the visitation of my son ACA.

(Pl.'s Sec. Am. Compl. at 5.)

After reviewing the pleadings and applicable law, the Court concludes that Applewhite has

failed to establish standing for any claims against the Judges. It is clear Applewhite believes that

the Judges injured her by "conspiring" against her throughout family law court proceedings and

causing her to lose the "right to parent" her two sons. (Pl.'s Sec. Am. Compl. at 4-5.) However,

this is not a concrete, particularized, actual or imminent injury; rather, what Applewhite pleads is

9

wholly conjectural and hypothetical. Interestingly, Applewhite states that, "despite having everything taken from [her]," and "not [having] seen [her] sons in 2.5 years," that "there is no order to keep [her] from seeing [her] sons." (*Id.* at 5.) Applewhite then states she has been "deprived the right to the pursuit of happiness, liberty and the right to care and have custody of my sons." (*Id.*) While it is clear Applewhite is unhappy in her relationships with her sons, her pleading fails to demonstrate an injury sufficient to confer standing.

Next, Applewhite has failed to plead facts that are fairly traceable to the Judges' allegedly unlawful conduct. As stated earlier, throughout her pleading, Applewhite repeatedly states the Judges acted to "conspire[e]" against her throughout the family law court proceedings and labels the Judges as "conspirators." (Pl.'s Sec. Am. Compl. at 4-5.) She merely states the conspiracy against her may be "easily shown just by viewing the court docket and all filed documents in [Applewhite's] case." (*Id.* at 4.) Applewhite refers to the family court proceedings as "pre-rigged," references "secret chambers meetings" [between the Judges and others], states that the Judges have denied all her requested relief and "for no reason" deny her "every route of justice." (*Id.* at 4-5.) Despite these statements, the pleading does not afford the Court a link between any asserted injury and the Judges' alleged conduct, and thus, the causation requirement of standing is not met.

With respect to redressability, it is, at best, merely speculative that Applewhite's alleged injury—losing her "right to parent" her two sons—would be redressed by a favorable decision from this Court. (Pl.'s Sec. Am. Compl. at 4.) Based on the foregoing, the Court finds Applewhite has failed to meet her burden to establish standing against the Judges, and, consequently, that the Court does not have subject matter jurisdiction over these claims. Accordingly, the Court finds

that all claims against the Judges should be dismissed and the Judges' motions to dismiss on the issue of standing should be **GRANTED**.

### 2. Sgt. Lawrence, Sgt. Rumsey, Officer Sawyer, and Officer Rollins

Per Applewhite's pleading, it appears that she is unhappy with FWPD's handling of her complaints against her former spouse and asserts Sgts. Lawrence and Rumsey and Officers Sawyer and Rollins caused her injury.[10] With respect to Sgt. Lawrence, Applewhite argues the following injury and causation:

> Defendant [Lawrence] is the lead supervisor of digital forensics at FWPD. He acted in concert with other listed defendants under Color of Law. He falsified reports in a police investigation: 15-110187. He did this to obstruct prosecution for the suspect. Defendant intercepted evidence paid for by Plaintiff Kristi Applewhite to prevent prosecution of law enforcement participants of the crimes, and other actors. Defendant lied on government phone calls in addition to the falsified report. Defendant is the main actor in placing Plaintiff on a mentally ill threat list (CJIS) to obstruct the case, and retaliate against the plaintiff.

> Troy Lawrence obstructed justice and sent MHMR reps to falsely document me as 'mentally ill.' He had my name added to the CJIS as mentally ill threat. Troy told the DA that the felony crimeswere[sic] 'civil' and that my forensic company did not have correct credentials. This claim is after he was caught lying to [the DA], stating his team conducted forensics. DA said he had to get case from [Sgt. Lawrence].

---

[10] Regarding FWPD, Applewhite states the following:

> These crimes [allegedly committed by Applewhite's former spouse] were hidden by FWPD. They monitored the system used on Plaintiff. Other LEO friends confirmed I was being wiretapped, videoed 24/7 in my home and cars. They also confirmed LEO level devices used. I filed a police case. FWPD impeded the investigation. I was warned FWPD planned to keep devices 2 years. I paid certified forensics team to pull out my devices from FWPD, & I learned crimes were committed, using law-grade surveillance equipment. FWPD immediately shut down my case & falsified reports to prevent prosecution. They took my case to run out statutes, and cover up. Full retaliation began. FWPD asked my forensics team to give them my devices forensic results[sic] of MY property. I suddenly lost primary custody of my sons with no court hearing. I have open records proving false documentation of me being found 'manic' in front of FWPD. They made several false incident reports.

(Pl.'s Sec. Am. Compl. at 4.)

[Sgt. Lawrence's action of allegedly placing Applewhite on CJIS] blacklisted [Applewhite] from employment . . .

(Pl.'s Sec. Am. Compl. at 2, 4, 5.)

Regarding injury and causation for Sgt. Rumsey, Applewhite pleads the following:

Defendant [Rumsey] signed off on false reports by Defendant Troy Lawrence. He worked in concert with listed defendants to retaliate and falsely document Plaintiff as mentally ill to silence Plaintiff. Defendant acted under Color of Law with these violations. This defendant is behind internet and telephone service installed at [Plaintiff's home] around June 2017. Plaintiff had cut off all services to stop the very illegal, Unconstitutional Surveillance system in Plaintiff's home.

(Pl.'s Sec. Am. Compl. at 2.)

With respect to Officer Sawyer, Applewhite pleads the following injury and causation:

Defendant [Sawyer] lived in the [same neighborhood] at the same time as the Plaintiff. Defendant had no issues with Plaintiff . . . It was during a filed modification of custody in October 2015 that Plaintiff suddenly became criminal and 'mentally ill' in the eyes of all listed Conspirators/Defendants . . . Defendant ignored audio distress calls for help by minor son ACA sent to his work email. Defendant took part in framing Plaintiff as 'mentally ill' despite the fact that many 'calls' that are documented, Plaintiff was at work. Defendant knows that there was no doctor present, no medical evaluations took place, but willingly took part in this destruction of Plaintiff's life and cover up of FWPD actions. Defendant worked in concert with other actors to violate her rights under Color of Law.

(Pl.'s Sec. Am. Compl. at 2-3.)

Lastly, with respect to Officer Rollins' injury and causation, Applewhite argues as follows:

Defendant [Rollins] leads the Mental Health Liaison division of FWPD. HE is responsible for documenting Plaintiff as Mentally ill. This is despite no doctors present at Plaintiff's home during the workday of the Plaintiff. No evaluation of Plaintiff's health took place at the home police criminally state they witness the mental health deterioration of the Plaintiff. Defendant violated Hippa Laws and gained access to a physician who saw Plaintiff twice months earlier, and who's visits are fully recorded . . . Defendant worked with that physician to fabricate records as if she were the current physician treating the Plaintiff. The physician was never at [Applewhite's home], treating the Plaintiff while the FWPD defendants 'observed.' The false records are in complete contrast to the ADA requirements. These false visits were not submitted to any case manager, required by ADA. Plaintiff was on short, then Long term disability during these falsely

12

documented 'calls' to Plaintiff's home. Defendant acted in concert with other listed defendants under Color of Law.

(Pl.'s Sec. Am. Compl. at 3.)

Applewhite has failed to meet her burden to establish standing for any claims against the officer Defendants. Her claims lack standing against Sgt. Lawrence. It is clear that Applewhite feels wronged by Sgt. Lawrence, though what remains unclear in her pleading is the actual injury she suffered as a result of their actions. Allegations that Sgt. Lawrence "falsified reports," "obstructed prosecution" of Applewhite's former spouse, "intercepted evidence," and "lied on government phone calls" are simply conjecture and lack concrete, particularized facts. (Pl.'s Sec. Am. Compl. at 2.) Allegations of, inter alia, "obstruction of justice" and "lying" in order to label Applewhite as "mentally ill" on the government's server are also, vague and speculative, at best. As such, Applewhite has failed to plead an injury caused by Sgt. Lawrence. Similarly, Applewhite's statements are merely conclusory and do not state facts that are fairly traceable to Sgt. Lawrence. Consequently, it is unlikely that any injury would be redressed by a decision in her favor. Accordingly, this Court finds that Applewhite has failed to meet her burden of proof and that her claims against Sgt. Lawrence lack standing. As such, this Court finds Sgt. Lawrence's motion to dismiss on the issue of standing should be **GRANTED**.

Likewise, the Court finds that Applewhite's claims against Sgt. Rumsey lack standing. The injury caused by Sgt. Rumsey, Applewhite pleads, was Sgt. Rumsey's "sign[ing] off on false reports by Defendant Troy Lawrence" and that the allegedly false report somehow, in some way, hurt Applewhite in her family court proceeding. (Pl.'s Sec. Am. Compl. at 2.) This alleged injury is insufficient—it is neither concrete nor particularized, nor actual or imminent. Accordingly, Applewhite also fails to plead proper causation against Sgt. Rumsey. The pleadings do not provide

13

any information that links Sgt. Rumsey to a false report and any fall-out from the alleged false report is not fairly traceable to Sgt. Rumsey. Accordingly, a decision in Applewhite's favor would unlikely redress any alleged injury to her and, as such, the Court finds that Applewhite has failed to meet her burden of proof regarding standing. Based on the foregoing, the Court finds that Sgt. Rumsey's motion to dismiss based on the issue of standing should be **GRANTED**.

The Court also finds Applewhite has failed to plead facts that establish standing against Officer Sawyer. Per Applewhite's pleadings, it is unclear what injury, if any, Officer Sawyer caused her. During the time they were neighbors (2005-2018), Applewhite alleges that she and Officer Sawyer "had no issues," until her 2015 custody modification when she was labeled, by an unknown individual or group, as "individually ill." (Pl.'s Sec. Am. Compl. at 2.) As stated, Applewhite's pleading is unclear that Officer Sawyer's "framing [her] as 'mentally ill'" caused her injury. In this way, her assertion assertion fails to implicate that Officer Sawyer invaded a legally protected interest of Applewhite that was more than conjectural. As such, Applewhite has failed to plead an injury in fact caused by Officer Sawyer. Similarly, Officer Sawyer's actions of "ignor[ing] distress calls for help" from Applewhite's minor son and his "willingly [taking] part in [] destruction of Plaintiff's life and cover up of FWPD actions" are not fairly traceable to any alleged injury Applewhite sustained. As Applewhite has properly plead neither injury in fact nor causation against Officer Sawyer, any redressability would be speculative, at best. Accordingly, this Court finds that Applewhite has failed to meet her burden of proof and that her claims against

Officer Sawyer lack standing. Therefore, the Court finds Officer Sawyer's motion to dismiss on the issue of standing[11] should be **GRANTED**.

Lastly, regarding Officer Rollins, the Court finds Applewhite has failed to satisfy Article III's standing requirements. Applewhite's claims that Officer Rollins "violated Hippa Laws" and "worked with [a] physician to fabricate[d] records" are insufficient to satisfactorily plead an injury in fact. (Pl.'s Am. Compl. at 3.) Having failed to plead an injury in fact, any assumed injury to Applewhite is not fairly traceable to Officer Rollins' conduct and, thus, any redressability would be speculative. Based on the foregoing, this Court finds that Applewhite has failed to meet her burden of proof and that her claims against Officer Rollins lack standing. Therefore, the Court finds Officer Rollins' motion to dismiss on the issue of standing should be **GRANTED**.

## B. <u>Statute of Limitations</u>

Even assuming Applewhite has standing to bring the claims she has filed, the next threshold issue is whether Applewhite's claims under § 1983 against the Defendants are barred by the statute of limitations.[12] The Court finds that such claims are time barred. As stated, *supra*, Applewhite brings various, unclear claims for § 1983 violations. Generally, a "statute of limitations period commences once the plaintiff acquires possession of two critical facts: (1) an injury has occurred;

---

[11] The Court notes Officer Sawyer does not specifically raise the issue of standing in his motion to dismiss, though, per his pleading, it appears his arguments align with his co-defendants on the issue. (*See* Defendant Officer Sawyer's Motion to Dismiss ("Def. Sawyer's Mot.") at 3-10.)

[12] In his motion to dismiss, Judge Conine did not argue Applewhite's claims against him are barred by § 1983's statute of limitations. However, "[a] district court may *sua sponte* dismiss a complaint . . . on statue of limitations grounds where 'it is clear from the face of a complaint that the claims asserted are barred by the applicable statute of limitations.'" *Jacob v. Hayes*, No. 98-41200, 1999 WL 500679, at *1 (5th Cir. 1999) quoting *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994). The Court also notes that it appears Applewhite's claims against Judge Conine are timely filed.

15

and (2) the identity of the person who inflicted the injury." *Stewart v. Parish of Jefferson*, 506 U.S. 820 (1992); *See also Harrison v. U.S.*, 708 F.2d 1023 (5th Cir. 1983) (A plaintiff need not realize that a legal cause of action exists, rather, a plaintiff need only know the facts that would support a claim). Notably, "Congress has not provided a statute of limitations for civil rights claims brought under 42 U.S.C. § 1983." *A.W. v. Feenstra*, No. H-13-3551, 2015 WL 4537750, at *5 (S.D. Tex. July 27, 2015). However, the Supreme Court held that "civil rights claims arising under 42 U.S.C. § 1983 within a particular state should be governed by that state's statute of limitations for personal injury claims." *Id.*, relying on *Wilson* v. Garcia, 471 U.S. 261, 265-79 (1938). In *Wilson*, the Court reasoned as follows:

> [I]f the choice of the statute of limitations were to depend on the particular facts or the precise legal theory of each claim, counsel could almost always argue, with considerable force, that two or more periods of limitations should apply to each § 1983 claim. Moreover, under such an approach different statutes of limitations would be applied to the various § 1983 claims arising in the same State, and multiple periods of limitations would often apply to the same case. There is no reason to believe that Congress would have sanctioned this interpretation of its statute.

471 U.S. at 270-74; *See also Walker v. Epps*, 550 F.3d 407, 411 (5th Cir. 2008) ("practical considerations support a simple, broad characterization of all § 1983 claims.") The statute of limitations for personal injury actions in Texas is two years. TEX. CIV. PRAC. & REM CODE. § 16.003(a). It is undisputed Applewhite filed her initial Complaint against the Judges and Sgts. Lawrence and Rumsey with the Court on August 19, 2021.

### 1. Judges Poulos and Hennigan

Judge Poulos argues that Applewhite's claims against her "center[] around two dates: October 14, 2015 and August 25, 2016," and are barred by limitations. (Def. Poulos' Mot. at 24.) Similarly, Judge Hennigan argues that, because "[t]he only dates Plaintiff provides for Judge

16

Hennigan's actions are in 2016 and 2017," the "claims arising from the actions alleged to have been performed [] are all barred by limitations." (Def. Hennigan's Mot. at 9.)

Per the pleading, the only date provided for Judge Poulos' actions was the year 2015, when "the courts had to ensure Plaintiff lost the case to conform with pre-rigged outcome." (Pl.'s Sec. Am. Compl. at 4.) For Judge Hennigan's actions, Applewhite alleges that Hennigan "allowed opposing counsel [to] reschedule a trial [on] April 3, 2017," and that Judge Hennigan "forced Plaintiff out of court during her own trial on June 5, 2017." (*Id.*) Based on the foregoing, the Court finds that Applewhite's claims brought against Judges Poulos and Hennigan are outside the two-year statute of limitations period. Accordingly, the Court finds that Judge Poulos and Judge Hennigan's motions to dismiss based on the issue of statute of limitations should be **GRANTED**.

## 2. Sgts. Lawrence and Rumsey

Sgt. Lawrence argues that "[a]ll of plaintiff's claims against [him] stem from his brief involvement in a FWPD investigation in 2016" when Plaintiff made a complaint to FWPD involving her ex-husband and various, alleged cyber-crimes. (Def. Lawrence's Mot. at 1.) Because the claims against him stem solely from 2016 and were filed in 2019, Lawrence asserts they are time-barred. (*Id.*) Similarly, Sgt. Rumsey maintains that Applewhite's "scant and conclusory allegations against [him] relate only to matters that she claims occurred in the years 2015-2017, and they are, therefore, barred by limitations." (Def. Rumsey's Mot. at 1.)

Applewhite's pleading does not even provide a date for Sgt. Lawrence's alleged actions.[13] Moreover, Applewhite merely states that "Defendant [Rumsey] signed off on false reports by

---

[13] Plaintiff's pleading does, however, reference a "police investigation: 15-110187," which Lawrence clarifies, in his motion, as the complaint Applewhite made to the FWPD in 2016. (Pl.'s Sec. Am. Compl. at 2; Def. Lawrence's Mot. at 1.)

Defendant Troy Lawrence" and "worked in concert . . . to retaliate and falsely document Plaintiff as mentally ill . . . around June 2017." (Pl.'s Sec. Am. Compl. at 2.)  Based on the foregoing, the Court finds that Applewhite's claims brought against Sgts. Lawrence and Rumsey are not properly alleged to fall within the two-year statute of limitations period.  Accordingly, the Court finds that Sgts. Lawrence and Rumsey's motions to dismiss based on the issue of statute of limitations should be **GRANTED**.

### 3. Officers Sawyer and Rollins

Both Officers Sawyer and Rollins argue Applewhite's respective claims against them are time barred.  See (Def. Sawyer's Mot. to Dismiss at 5; Def. Rollins' Mot. to Dismiss at 6.)  Relying on *Wilson*, Officer Sawyer argues that, because "[a]ll of Plaintiff's allegations against Officer Sawyer refer to events that she avers took place in 2015-16," the claims exceed the two year statute of limitations and all claims against him should be dismissed.  (Def. Sawyer's Mot. to Dismiss at 5-6.)  Officer Rollins provides a parallel basis for dismissal, stating, "Plaintiff's cause of action under § 1983 accrued in 2015-16" and "Plaintiff initiated this action on August 18, 2021, well beyond two years from the dates her claims against Rollins accrued."  (Def. Rollins' Mot. to Dismiss at 6-7.)

Applewhite's allegations against Officer Sawyer center around a "modification of custody in October 2015," in which she seemingly argues Officer Sawyer played a part.  Applewhite provides no other dates associated with Officer Sawyer.  Similar to Sgt. Lawrence, Applewhite wholly fails to plead any dates associated with Officer Rollins' actions.  Because Applewhite's claims against Officer Sawyer were initiated nearly six years after any alleged § 1983 violations, and because Applewhite wholly failed to plead any dates associated with Officer Rollins, the Court finds that Applewhite's claims are outside the two-year statue of limitations period.  Therefore,

the Court finds that Officers Sawyer and Rollins' motions to dismiss based on the issue of statute of limitations should be **GRANTED**.

### C. Injunctive Relief

A final threshold issue which is problematic for Applewhite is whether she may plead injunctive relief against the Judges. It is well established that federal courts are void of authority to issue injunctive relief directing state courts or their judicial officers in the performance of their duties. *See LaBranche v. Becnel*, 559 Fed.Appx. 290 (5th Cir. 2014) (citing *Holloway v. Walker*, 765 F.2d 517, 525 (5th Cir. 1985); *Moye v. Clerk, Dekalb Cnty. Superior Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973). "Title 42 U.S.C. § 1983 expressly provides 'in any action brought against a judicial officer for an act or omission taken in such officer's official capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaration relief is unavailable.'" *Hallman v. Gordon*, No. 4:17-CV-408-Y, 2019 WL 2995906, at *4 (N.D. Tex. July 9, 2019) (dismissing plaintiff's claims for injunctive relief against district court judge).

Here, Applewhite has plead, *inter alia*, for a "permanent injunction" against the Judges, "to follow Constitutional laws, & allow immediate remedy to [her] cases. Give Plaintiff ability to file a motion to vacate. Enforce the court reporters to hand over the court transcripts, unedited or face falsification of documents." (Pl.'s Sec. Am. Compl. at 5.) Applewhite is clearly trying to enjoin judicial officers and does not allege the violation of a declaratory decree or the unavailability of declaration relief. As such, the Court finds Applewhite may not seek injunctive relief against the Judges, and, consequently, that the Judge's motions to dismiss should also be **GRANTED** on this basis.[14]

---

[14] Because the Court has found that Applewhite may not seek injunctive relief against the Judges under § 1983, the Court will not address the argument the Judge's Eleventh Amendment immunity argument.

19

## RECOMMENDATION

For the reasons set above, the Court **RECOMMENDS** that Judges Poulos, Hennigan, and Conine's Motions to Dismiss [docs. 36, 40, 42], Sgts. Lawrence and Rumsey's Motions to Dismiss [docs. 66, 69], and Officers Swayer and Rollins' Motions to Dismiss [docs. 92, 95] be **GRANTED**.[15]

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections to 14 days).

---

[15] As the Court recommends Defendants' motions to dismiss should be granted on the grounds of standing, statute of limitations, and inability to obtain injunctive relief, the Court will not address the Defendants' remaining arguments.

20

## <u>ORDER</u>

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **September 5, 2022,** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED August 22, 2022.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

JLC/adh

21