U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

NOV 1 5 2022

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| KRISTI RUTH APPLEWHITE,<br>    Plaintiff, | §<br>§<br>§ | |
| VS. | §<br>§ | CIVIL NO. 4:21-CV-985-P-BJ |
| BARRY SAWYER, et al.,<br>    Defendants. | §<br>§<br>§ | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING DEFENDANTS WILIAM C. EASTTOM AND DENNIS OZMENT

Pending before the Court are Defendants Wiliam C. Easttom ("Easttom") and Dennis Ozment ("Ozment") (collectively, "Defendants")'s motion to dismiss.[1] The Court, having carefully considered the motion, response, reply, and all relevant applicable law, recommends that the Defendants' motion be **GRANTED** and that all claims against them be **DISMISSED**.

### I.    BACKGROUND

Plaintiff Kristi Ruth Applewhite ("Applewhite") disagrees with the rulings in a family law matter and alleges various individuals wronged her throughout the family court proceedings. (Plaintiff's Second Amended Complaint ("Pl.'s Sec. Am. Compl.") at 1.)  On August 19, 2021, Applewhite, *pro se*, filed the above-styled and numbered cause of action under 42 U.S.C. § 1983, alleging, *inter alia*, violations of her Civil rights.[2]  The case was referred to United States Magistrate

---

[1] Easttom and Ozment filed their joint Motion to Dismiss for Failure to State a Claim [doc. 120] on October 7, 2022.

[2] Applewhite's Complaint and First Amended Complaint also listed her two minor sons as Plaintiffs and also named as Defendants the following: Richard Applewhite, City of Fort Worth, Tarrant County, Tarrant County Family Law Center, Serena Davis, Jennifer Hunter, Lyndsay Newell, Mark Cochran, Amy Candler, Carol Mapp, Constance Mims, Dennis Saumier, Ronald Applewhite, Senior, Cindy Ince, Jessica Janicek, Robert S. Widner, Fort Worth Police Department, Jennifer Olsen, Joshua Chick, Anila Khan, Sharen Wilson, Deborah Logsdon, Donna Tribunella, Brandi Applewhite, State of Texas, Wendy Hackler, William Patterson, Texas Department of Family & Protective Services, Tom Wilder, Bernie McHorse, Tyler Glapa, Gabrielle Schmidt, Greg Willis, FNU Nelson, Gina Galloway, Mind

Judge Hal R. Ray [doc. 3]. Applewhite filed her Motion for Leave to Proceed *in forma pauperis* [doc. 5] on August 26, 2021.[3] On September 1, 2021, Applewhite filed her First Amended Complaint with Jury Demand [doc. 6]. On September 7, 2021, Judge Ray issued an Order [doc. 7] instructing Applewhite to file another amended complaint that sets forth only her claims and a proper application to proceed *in forma pauperis*. On September 18, 2021, Applewhite filed her Second Amended Complaint with Jury Demand [doc. 9], the live pleading before the Court. On January 4, 2022, United States Magistrate Judge Jeffrey L. Cureton was assigned to the case.

In her Second Amended Complaint, the live pleading before the Court, Applewhite alleges "Allegiant Investigations Defendants" Easttom and Ozment, acting under the color of state law, violated 42 U.S.C. §1983 by supporting the actors that "violated many US laws involving spying on American Citizens and preserving their rights." (Pl.'s Sec. Am. Compl. at 5-6; (Plaintiff's Second Amended Complaint Exhibit 1 ("Pl.'s Sec. Am. Compl. Ex. 1") at 5.)) Notably, the only relief requested from the Defendants is that they "repay the $3800[,] the contents of devices, [and] punitive damages." (Pl.'s Sec. Am. Compl. at 5.)

The facts before the Court, as provided by Applewhite, are, at best, unclear. Applewhite asserts Easstom and Ozment violated § 1983 as follows:

---

Above Matter, Mesa Springs Hospital, Kishore Sunkara, Talat Tayyaba, Barry Sawyer, Erin Rosko, Landon Rollins, Dennis Ozment, William C. Easttom, Beth Poulos, Jerome Hennigan, Casey Conine, Troy Lawrence and Vincent Rumsey.

The undersigned issued its Findings, Conclusions and Recommendations regarding Defendants Poulos, Hennigan, Conine, Lawrence, Rumsey, Sawyer and Rollins on August 22, 2022 [doc. 104]. United States District Judge Reed O'Connor accepted the Findings and issued a final judgment [doc. 110] dismissing the case as to those Defendants. In the live pleading before the Court—Plaintiff's Second Amended Complaint—Applewhite is the sole remaining Plaintiff and the remaining Defendants are Erin Rosko, Dennis Ozment, and William C. Easttom.

[3] Applewhite filed her Amended Motion to Leave to Proceed *in forma pauperis* [doc. 8] on September 18, 2021. Judge Ray subsequently granted Applewhite permission to proceed *in forma pauperis* on October 12, 2021.

Defendant [Easttom] performed forensics on the 3 devices of the Plaintiff, FWPD Case 15-110187. He saw that FWPD and other criminals conducted vastly illegal surveillance on the Defendant, and violated many US laws involving spying on American Citizens and preserving their rights. There is now law that would give any judge cause to sign warrants, dating back to 2011 to put cameras and audio in the bathrooms of the Plaintiff and her minor sons. There will be no Woods file available to make this possible. Defendant allowed [] FWPD [Sergeant] to destroy the lives of Plaintiff and her 2 sons, to cover the corruption of many listed defendants.

. . . .

Defendant [Ozment] was with Plaintiff at [a] meeting with FWPD Detective [] and Sergeant [] around September 2016. He charged Plaintiff $200 to be a witness. Defendant was also fully aware that FWPD were covering up corruption and he did not stop this corruption. Instead, Defendant allowed [FWPD] Sergeant [] to have the $3600 forensics contents of Plaintiff's devices. Defendant was aware I paid the fees, not FWPD. I hired Allegiant Forensics, not FWPD. Defendant is aware that FPW did not have a waiver signed by me to intercept the very contents the Plaintiff paid to get justice and stop the destruction, the Intentional Emotional Infliction of Distress, and the felony crimes being committed against the Plaintiff. Defendant is aware that naked videos of the Plaintiff and her sons were being uploaded to unknown servers. Defendant was complicit and acted under Color of law.

(Pl.'s Sec. Am. Compl. Ex. 1 at 5-6.)

In their joint motion to dismiss, the Defendants set forth two bases for prevailing on Applewhite's claims: (1) Applewhite's claims are barred by the applicable statute of limitations, and (2) Applewhite's claims are insufficient to show Defendants violated her §1983 rights. (Defendants' Motion to Dismiss ("Defs.' Mot.") at 1.)[4]

---

[4] The Court notes that Applewhite wholly failed to respond to the Defendants' Motion to Dismiss. Federal Rule of Civil Procedure 41(b) permits a Court to dismiss an action *sua sponte* for failure to prosecute or failure to comply with the federal rules. FED. R. CIV. P. 41(b); *Guillen v. Racetrac Petroleum, Inc.*, No. 3:20-CV-01470-N-BT, 2020 WL 10050716, at *1 (N.D. Tex. Nov. 19, 2020) (citing *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *Dorsey v. Scott Wetzel Serv.*, 84 F.3d 170, 171 (5th Cir. 1996)); *See, e.g., Martinez* v. Johnson, 104 F.3d 769, 771 (5th Cir. 1997) (dismissing case without prejudice upon finding petitioner's lack of response showed he lacks interest in prosecuting his case); *Davis v. Wells Fargo Home Mortg.*, No. 3:19-CV-02382-X, 2020 WL 5633030, at *1 (N.D. Tex. Sept. 21, 2020) (dismissing case when plaintiff failed to respond to defendant's motion to dismiss). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Id.* (quotations omitted) (citing *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401

## II.    LEGAL STANDARD

Rule 12(b)(6) authorizes the dismissal of a complaint that fails "to state a claim upon which relief can be granted." This rule must be interpreted in conjunction with Rule 8(a), which sets forth the requirements for pleading a claim for relief in federal court. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Rule 8(a) calls for "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (holding that Rule 8(a)'s simplified pleading standard applies to most civil actions). The Court must accept as true all well-pleaded, non-conclusory allegations in the complaint and liberally construe the complaint in favor of the plaintiff. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

The plaintiff must, however, plead specific facts, not mere conclusory allegations, to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). Indeed, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). The Court need not credit bare conclusory allegations or "a formulaic recitation of the elements of a cause of action." *Id.* Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

(5th Cir. 1985). Fortunately for Applewhite, the undersigned finds she *has* shown an interest in prosecuting the case – her numerous previous filings, including an interlocutory appeal [doc. 121]. Despite her apparent disregard for the instant motion, the Court will not recommend dismissal pursuant to Rule 41(b).

"Generally, a court ruling on a motion to dismiss may rely on only the complaint and its proper attachments. A court is permitted, however, to rely on documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Court may consider a "written document that is attached to a complaint as an exhibit" as well as "documents attached to a motion to dismiss that are referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Texas Health and Hum. Servs. Comm. v. United States*, 193 F. Supp. 3d 733, 738 (N.D. Tex. 2016) (citations are internal quotation marks omitted).

## III.   DISCUSSION

### A. <u>Standing</u>

A paramount issue before the Court is whether Applegate has standing to bring her claims against the Easttom and Ozment. A federal court *must* have standing before it can exercise subject matter jurisdiction. *Arbraugh v. Altimus*, 26 F. 4th 298, 303 (5th Cir. 2002) (emphasis added). In ruling on motions to dismiss, the court is free to weigh evidence and satisfy itself that subject matter jurisdiction exists. FED. R. CIV. P. 12(B)(1). There are two types of standing: Constitutional Article III standing and prudential standing.[5] To satisfy Article III standing, a plaintiff must show (1) injury in fact; (2) causation; and (3) redressability. U.S. Const. art. 3, § 2, cl. 1; *Bennett v. Spear*, 520 U.S. 154, 167 (1997).

Specific to the first prong—injury in fact—a plaintiff must "implicate 'an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not

---

[5] Prudential standing, encompassing the general prohibition on a litigant's raising another person's legal rights, is not at issue in this case and thus, will not be discussed. *See Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 2309 (2004).

conjectural or hypothetical.'" *Gabriel v. Outlaw*, No. 3:20-CV-60-K-BK, 2002 WL 617628, at *1 (N.D. Tex. Feb. 14, 2022), quoting *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotations and citations omitted).    Next, the causation prong requires the injury to be "fairly traceable to the defendant's allegedly unlawful conduct." *Nat'l Park Hosp. Ass'n v. Dept. of Interior*, 538 U.S. 803 (2003) quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984).    Lastly, "redressability requires that it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Consumer Data Indus. Ass'n v. Texas through Paxton* (564 F.Supp.3d 506, 512 (W.D. Tex. Sept. 28, 2021) citing *Lujan*, 504 U.S. at 561.    Notably, "the party invoking federal subject matter jurisdiction bears the burden of establishing each element [of the standing requirement]." *Id.*, quoting *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001). "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming*, 281 F.3d at 161, quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).

### 1. Easttom

As stated, *supra*, Applewhite is dissatisfied with Easttom's actions or inactions.    Though not specifically addressed, the Court deduces from the pleadings that Easttom was an employee of Allegiant Forensics—seemingly an operation that Applewhite paid to perform an unknown service for her benefit.    Regarding injury caused by Easttom, Applewhite states that, because of Easttom's "cover[ing] the corruption of many listed defendants," a "FWPD [Sergeant] destroy[ed] the lives of the Plaintiff and her 2 sons." (*Id.* at 6.)    Regarding causation, Applewhite claims that Easttom failed to act when he "saw FWPD and other criminals conducted vastly illegal surveillance on [her], and violated many US law involving spying on American Citizens and preserving their rights." (Pl.'s Sec. Am. Compl. Ex. 1 at 5.)

6

After reviewing the pleadings and applicable law, the Court concludes that Applewhite has failed to establish standing against the Easttom. It is clear Applewhite believes that Easttom injured her by failing to act in whatever un-listed manner Applewhite desired. (See Pl.'s Sec. Am. Compl. Ex. 1 at 5-6.) However, as plead, Easttom's actions, or lack thereof, are neither concrete, particularized, actual, or imminent injury. As such, the Court finds her pleading fails to demonstrate an injury sufficient to confer standing.

Next, Applewhite failed to plead facts that are fairly traceable to the any action or inaction of Easttom. Instead, her pleading focuses on the causation of various law enforcement sergeants and paints the picture that Easttom was akin to a passerby. Applewhite's pleading does not afford the Court a link between whatever injury she is asserting and Easttom's conduct, and thus, the causation requirement of standing is not met.

With respect to redressability, it is, at best, merely speculative that whatever injury Applewhite alleges Easttom caused her would be redressed by a favorable decision from this Court. (Pl.'s Sec. Am. Compl. at 5-6.) Based on the foregoing, the Court finds Applewhite has failed to meet her burden to establish standing against Easttom, and, consequently, that the Court does not have subject matter jurisdiction over claims against him. Accordingly, the Court finds that all claims against Easttom should be dismissed and Easttom's motion to dismiss on the issue of standing should be **GRANTED**.

### 2. Ozment

Applewhite seemingly asserts that Ozment, a private investigator with Allegiant Investigation, improperly charged her money for services and colluded with FWPD to "cover[] up corruption." (Pl.'s Sec. Am. Compl. Ex. 1 at 6.) Applewhite blames Ozment for "not stop[ping] this [FWPD] corruption," and being "complicit" with FWPD. (*Id.*) The Court follows the above

evaluation of standing regarding Easttom. Applewhite's blanket allegations of Ozment's unidentified complicit behavior are akin to a rant – there is no concrete or actual injury alleged against Ozment. The Court finds her pleading fails to demonstrate any sufficient injury to confer standing. Without an injury in fact, the Court is unable to ascertain causation or redressability. Accordingly, the undersigned finds Applewhite has failed to meet her burden to prove the Court has jurisdiction over Ozment and finds that Ozment's motion to dismiss on the issue of standing should be **GRANTED**.

### B.  Statute of Limitations[6]

Next at issue is whether Applewhite's claims under § 1983 against the Easttom and Ozment are barred by the statute of limitations. As stated, *supra*, Applewhite brings various, murky claims for § 1983 violations. "The statute of limitations period commences once the plaintiff acquires possession of two critical facts: (1) an injury has occurred; and (2) the identity of the person who inflicted the injury." *Stewart v. Parish of Jefferson*, 506 U.S. 820 (1992); See also *Harrison v. U.S.*, 708 F.2d 1023 (5th Cir. 1983) (A plaintiff need not realize that a legal cause of action exists, rather, a plaintiff need only know the facts that would support a claim). Notably, "Congress has not provided a statute of limitations for civil rights claims brought under 42 U.S.C. § 1983." *A.W. v. Feenstra*, No. H-13-3551, 2015 WL 4537750, at *5 (S.D. Tex. July 27, 2015). However, the Supreme Court held that "civil rights claims arising under 42 U.S.C. § 1983 within a particular state should be governed by that state's statute of limitations for personal injury claims." *Id.*, relying on *Wilson v. Garcia*, 471 U.S. 261, 265-79 (1938). In *Wilson*, the Court reasoned as follows:

---

[6] Even if Applewhite had adequately alleged standing, her claims would fail by application of the statute of limitations.

8

> [I]f the choice of the statute of limitations were to depend on the particular facts or the precise legal theory of each claim, counsel could almost always argue, with considerable force, that two or more periods of limitations should apply to each § 1983 claim. Moreover, under such an approach different statutes of limitations would be applied to the various § 1983 claims arising in the same State, and multiple periods of limitations would often apply to the same case. There is no reason to believe that Congress would have sanctioned this interpretation of its statute.

471 U.S. at 270-74; *See also Walker v. Epps*, 550 F.3d 407, 411 (5th Cir. 2008) ("practical considerations support a simple, broad characterization of all § 1983 claims.") The statute of limitations for personal injury actions in Texas is two years. TEX. CIV. PRAC. & REM CODE. § 16.003(a). It is undisputed Applewhite filed her initial Complaint against the Easttom and Ozment with the Court on August 19, 2021.

Applewhite's claims against both Defendants Easstom and Ozment stem from their work at Allegiant Investigations during or before 2016; for Easttom, when he "performed forensics on the 3 devices of the Plaintiff" in an unspecified 2015 FWPD case, and for Ozment, when he interacted with FWPD detectives in September 2016 and "cover[ed] up [FWPD] corruption." (*see* Pl.'s Sec. Am. Compl. Ex. 1 at 5-6.) The timeline Applewhite provides is clearly outside the two-year statute of limitations period. As such, the Court finds that Easttom and Ozment's motion to dismiss on the issue of statue of limitations should be **GRANTED**.

## RECOMMENDATION

For the reasons set above, the Court **RECOMMENDS** that Defendant Wiliam C. Easttom and Dennis Ozment's Motion to Dismiss for Failure to State a Claim [doc. 120] be **GRANTED** and that all claims against them be **DISMISSED**.[7]

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections to 14 days).

---

[7] Because the undersigned has found that Applewhite lacks standing and her claims are barred by the statue of limitations, the Court will not address Applewhite's claims for injunctive relief against the Defendants or the Defendants' argument that Applewhite has failed to allege facts showing they acted under color of law.

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **November 29, 2022** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED November 15, 2022.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

JLC/adh

11